Richard R. Friess, Esq., ISB #7820
James D. Holman, Esq., ISB #2547
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT THOMAS, | Case No. CV- |
| Plaintiff, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | |
| GRAND TETON CONSTRUCTION LLC, an Idaho Limited Liability Company, fka GRAND TETON LOG & LUMBER and GRAND TETON DWELLINGS, | |
| Defendant. | |

COMES NOW Scott Thomas, plaintiff herein, by and through legal counsel, and for cause of action against above-named defendant, alleges as follows:

1. Plaintiff Scott Thomas is a resident of the state of Idaho and was, at all times material hereto, an employee of defendant Grand Teton Construction, LLC.

2. Defendant Grand Teton Construction, LLC, formerly known and doing business as Grand Teton Log and Lumber and Grand Teton Dwellings, is an Idaho Limited Liability Company registered to do business in the state of Idaho at all times material hereto, with its principal place of

1 -   COMPLAINT AND JURY DEMAND

business believed to be in Teton County, Idaho.

    3.    This court has jurisdiction pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938.

    4.    Defendant is an employer within the meaning of 29 U.S.C. § 203(d) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), Fair Labor Standards Act of 1938.

    5.    On or about March 9, 2006, defendant employed plaintiff as a millwright whose duties included running several wood lathes. At all times relevant hereto plaintiff was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 and 207, Fair Labor Standards Act of 1938.

    6.    At no time during the course of his employment was plaintiff an "exempt employee" within the meaning of 29 U.S.C. § 213, Fair Labor Standards Act of 1938.

    7.    Beginning on or about March 9, 2006, defendant paid plaintiff an hourly wage of $11.00. Defendant was paying plaintiff $13.00 per hour at the time of his resignation.

    8.    During the course of plaintiff's employment with defendant, defendant regularly and consistently suffered and permitted plaintiff to work one half hour per day without compensation.

    9.    During the course of plaintiff's employment with defendant, defendant regularly and consistently suffered and permitted plaintiff to work in excess of 40 hours per week.

    10.    During the course of plaintiff's employment, defendant unlawfully and without plaintiff's written permission withheld $590.46 from plaintiff's wages.

## COUNT I

11.   Plaintiff realleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

12.   Notwithstanding the fact that defendant suffered and permitted plaintiff to regularly and consistently work in excess of forty hours per week, defendant failed to pay plaintiff overtime compensation as required by 29 U.S.C. § 207(a)(1), Fair Labor Standards Act of 1938.

13.   Defendant's failure to pay overtime compensation to plaintiff is a violation of 29 U.S.C. § 207(a)(1), Fair Labor Standards Act of 1938.  Pursuant to 29 U.S.C. § 216(b), plaintiff is entitled to recover from defendant the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages.  In the alternative, if plaintiff is not entitled to liquidated damages, then plaintiff is entitled to pre-judgment interest on all unpaid overtime wages due and owing from Defendant.

14.   Defendant's violation of 29 U.S.C. § 207(a)(1) was a willful violation within the meaning of 29 U.S.C. § 255(a).

15.   Pursuant to 29 U.S.C. § 216(b), plaintiff is entitled to recover from defendant plaintiff's reasonable attorney fees incurred in this action as well as costs of the action.

## COUNT II

16.   Plaintiff realleges the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

17.   During the course of plaintiff's employment, defendant regularly and consistently suffered and permitted plaintiff to work one half hour per day without compensated plaintiff for this time.

18.     Pursuant to Idaho Code § 45-615, plaintiff is entitled to recover from defendant damages in the amount of three (3) times the unpaid wages found due and owing, plaintiff's reasonable attorney fees incurred in this action, as well as costs of the action.

## COUNT III

19.     Plaintiff realleges the allegations of paragraphs 1 through 17 as if fully set forth herein.

20.     During the course of plaintiff's employment, defendant unlawfully and without plaintiff's written permission withheld $590.46 from plaintiff's wages in violation of I.C. § 45-609.

21.     Pursuant to Idaho Code § 45-615, plaintiff is entitled to recover from defendant damages in the amount of three (3) times the withheld wages found due and owing, plaintiff's reasonable attorney fees incurred in this action, as well as costs of the action.

WHEREFORE, plaintiff prays the judgment, order and decree of this court as follows:

1.      For an award of damages in the amount of plaintiff's unpaid overtime wages, in accordance with 29 U.S.C. § 216(b), in an amount to be proven at trial;

2.      For an award of damages in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), or, in the alternative, for pre-judgment interest on all unpaid overtime wages due and owing from defendant;

3.      For plaintiff's reasonable attorney fees and costs incurred herein pursuant to 29 U.S.C. § 216(b);

4.      For an award of damages in the amount of plaintiff's unpaid and withheld wages, in accordance with I.C. § 45-614 and § 45-615, in an amount to be proven at trial.

5.      For an award of treble damages for plaintiff's unpaid and withheld wages pursuant

to I.C. § 45-615.

      6.      For plaintiff's reasonable attorney fees and costs incurred pursuant to I.C. § 45-615.

      7.      For such other and further relief as the court deems just and proper.

DATED this 27TH day of April, 2011.

                      THOMSEN STEPHENS LAW OFFICES, PLLC

                      By:   __/s/_____
                              Richard R. Friess, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED this 27TH day of April, 2011.

                      THOMSEN STEPHENS LAW OFFICES, PLLC

                      By:   __/s/_____
                              Richard R. Friess, Esq.

J:\data\RRF\7757\PLEADINGS\001 Complaint.wpd